**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DANIEL WAYNE SADLER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-0832-A** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Daniel Wayne Sadler is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

On October 12, 1995, a jury found Sadler guilty of aggravated robbery with a deadly weapon

in Case No. 0579273A in the 213th District Court of Tarrant County, Texas, and assessed his punishment at ninety years' confinement.  (State Habeas R. at 36.)  The Second Court of Appeals of Texas affirmed the trial court's judgment in an unpublished opinion on March 6, 1997.  *Sadler v. Texas*, No. 2-95-434-CR, slip op. (Tex. App.–Fort Worth Mar. 6, 1997) (not designated for publication).  The Texas Court of Criminal Appeals affirmed the appellate court's judgment on October 7, 1998.  *Sadler v. Texas*, 977 S.W.2d 140 (Tex. Crim. App. 1998).  Sadler did not seek writ of certiorari.  (Petition at 3.)

On June 8, 1999, Sadler filed a state application for writ of habeas corpus raising the issues presented, which was denied without order by the Texas Court of Criminal Appeals on the findings of the trial court on September 22, 1999.  *Ex parte Sadler*, Application No. 42,904-01, at cover. Sadler filed this petition on December 20, 2005.[1]  As ordered, Dretke has filed a preliminary response with documentary exhibits addressing only the issue of limitations, to which Sadler has filed a reply.

D.  ISSUES

In two grounds for relief, Sadler alleges he received ineffective of trial counsel and was denied a fair trial.  (Petition at 7.)

E.  STATUTE OF LIMITATIONS

Dretke asserts that Sadler's petition is barred by the one-year statute of limitations.  (Resp't Preliminary Resp. at 2-3.)  The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for

---

[1]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2]  For purposes of this provision, Sadler's conviction became final and the one-year limitations period began to run upon expiration of the time that Sadler had for seeking certiorari in

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of Sadler's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Sadler's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence.  Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) are not applicable.

the United States Supreme Court on January 5, 1999, and closed on January 5, 2000, absent any applicable tolling. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Under the statutory tolling provision, Sadler's state habeas application operated to toll the limitations period for 106 days, making his petition due on or before April 20, 2000. *See* 28 U.S.C. § 2244(d)(2). However, Sadler neither alleges nor demonstrates that he is entitled to additional tolling as a matter of equity, which is available only in "rare and exceptional circumstances" when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In reply, Sadler merely argues that the AEDPA's statute of limitations is unconstitutional under article 1, section 9 of the United States Constitution.[3] (Pet'r Reply.) The Fifth Circuit has ruled against Sadler on this issue. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (AEDPA does not violate suspension clause); *Turner v. Johnson*, 177 F.3d 390, 391-93 (5th Cir.) (AEDPA does not violate suspension clause or due process).

Sadler's petition was due on or before April 20, 2000. His petition filed on December 20, 2005, is untimely. 28 U.S.C. § 2244(d).

## II. RECOMMENDATION

Sadler's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

---

[3]Article 1, section 9 provides in relevant part: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." This provision is known as the Suspension Clause.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 15, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### <u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 15, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED February 23, 2006.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE